**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SHERRY RICUPERO,** | |
| Plaintiff | |
| v. | CA. NO. 20-10195 |
| **CHAMPION FUNDING, INC.** and **JUDGMENT ACQUISITIONS UNLIMITED,** | |
| Defendants | |

## COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and multiple damages, costs and attorney's fees brought by the plaintiff, Sherry Ricupero for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.,* M.G.L. c. 93A and the Attorney General's debt collection regulations, 940 CMR 7.00 *et seq*.

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

### PARTIES

2. Plaintiff, Sherry Ricupero, is a natural person and resident of Saugus, Massachusetts.

3. Champion Funding, Inc. ("Champion") is a debt buyer company with a primary address in Avon, Massachusetts.

4. Champion is a creditor as defined by the Attorney General's debt collection regulations at 940 CMR 7.03.

5. Judgment Acquisitions Unlimited ("JAU") is a debt collection company with a primary address in Avon, Massachusetts.

**FACTS**

6. On March 25, 2019, Champion filed a small claims lawsuit against Ms. Ricupero in the Stoughton District Court, seeking to collect approximately $800 on an old credit card account which it had allegedly purchased.

7. Ms. Ricupero lives in Saugus and has never lived in Stoughton or any of the towns under the jurisdiction of the Stoughton District Court and did not enter into the alleged contract there.

8. Champion acquired this debt after default.

9. Champion's principal purpose is the collection of debts.

10. JAU collected the debt from Ms. Ricupero on Champion's behalf.

11. Although the docket shows that Ms. Ricupero requested a continuance, the hearing went ahead on May 15, 2019 and she was defaulted.

12. Judgment entered in the amount of $837.36 in Champion's favor on May 17, 2019.

13. A payment review was scheduled for July 17, 2019.

14. Before that date Ms. Ricupero spoke with a representative of JAU on the phone and they agreed to continue the payment review until October and told Ms. Ricupero that she did not have to show up in court that day.

15. Ms. Ricupero made a payment of $225 to JAU in July.

16. Despite having agreed to continue the payment review, Champion and JAU failed to inform the Court on July 17, 2019 of the fact that they had agreed with Ms. Ricupero to continue the hearing and the court found that Ms. Ricupero had failed to appear and issued an execution in the amount of $856.37.

17. Ms. Ricupero had a car accident in June which affected her ability to work thus

reducing her income but she made good faith attempts to continue making payments on the debt.

18. She paid $50 in September and another $50 on October 17th.

19. Ms. Ricupero was in close touch with JAU during this period to let them know that she would be paying the balance.

20. JAU representatives called Ms. Ricupero in connection with the collection of the debt on numerous occasions.

21. On some or all of these occasions the JAU representatives failed to tell Ms. Ricupero or include in a voicemail message that the communication was from a debt collector.

22. Between July and October Ms. Ricupero paid a total of $325 and in mid-October she called JAU and asked for an extension until October 25th to pay off the balance of what she owed which should have been about $531 plus some small amount of interest.

23. The JAU representative told her that would be fine.

24. At 10:00 pm on the night of October 23rd, someone came to Ms. Ricupero's home and took her car from her driveway.

25. Thinking the car had been stolen, she called the police and they eventually told her that Champion had taken the car.

26. Ms. Ricupero was extremely upset and agitated and could not sleep all night.

27. On October 24th Ms. Ricupero called JAU and spoke to Andrew Metcalf who told her that she now owed $1,372.07 and would need to pay $700 to JAU/Champion in order to get her car back.

28. That same day JAU emailed her a letter seeking $1,372.07 and stating the following: "All pending legal actions including Capias service (civil arrest) wage attachments, bank account attachments, property liens, automobile seizure, water craft liens, airplane liens, and business receivership have been suspended temporarily pending payment received in a timely fashion." A true

and accurate copy of the October 24, 2019 letter is attached as Exhibit A.

29. At the time this letter was sent there were, in fact, no such "pending legal actions."

30. While seeking a total of $1,372.07, the October 24, 2019 letter from JAU only itemized $552.36 in principal, $36.71 in interest and $50.00 in costs/fees for a total of $639.07. There is no explanation as to the basis for seeking the additional $733.00.

31. Not having a choice Ms. Ricupero paid the $700 to JAU over the phone.

32. The next day she went to the tow lot and had to pay an additional $225 to get her car back.

33. She then contacted the Stoughton District Court Clerk to complain about Champion and JAU's actions and the court called an emergency hearing.

34. Ms. Ricupero had to use some of her limited paid time off from work to appear twice in court.

35. After the hearing the Court marked the judgment as satisfied in full on October 31, 2019.

36. In the end Ms. Ricupero paid a total of $1,025.00 to JAU plus $225.76 to the tow lot for a total of $1,250.76 on an execution of $856.37, an overpayment of almost $400 even taking into account the small amount of interest which would have accrued between July and October.

37. On November 25, 2019 Ms. Ricupero made a demand upon Champion pursuant to M.G.L. c. 93A, §9.

38. On November 25, 2019 Ms. Ricupero made a demand upon JAU pursuant to M.G.L. c. 93A, §9.

39. Champion failed to make a reasonable written settlement offer within 30 days of receiving the demand.

40. JAU failed to make a reasonable written settlement offer within 30 days of receiving

the demand.

41. Ms. Ricupero has suffered damages as a result of Defendants' conduct including but not limited to, having an execution enter against her despite the fact that the parties had agreed to a continuance, paying almost $400 more than the execution which had issued against her, having her car taken for a miniscule debt which she intended to pay two days later, a fact of which Defendants were aware and had agreed to, being dunned for amounts allegedly owed as a result of the seizure of her car which never should have been owed, and having to pay the tow lot to get her car back. She has experienced intense emotional distress as a result of finding her car missing and having to figure out how to get it back and had to attend court in the inconvenient Stoughton courthouse on several occasions, including at an emergency hearing she was forced to request because of Defendants' actions, and has incurred costs and attorney's fees in enforcing her claims.

## COUNT ONE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

42. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

43. Champion is a debt buyer and a debt collector pursuant to 15 U.S.C. §1692a.

44. JAU is a debt collector pursuant to 15 U.S.C. §1692a.

45. At all relevant times JAU was acting as the agent of Champion.

46. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

47. As detailed above, JAU and Champion have violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt.

48. As detailed above, JAU and Champion have violated 15 U.S.C. §1692e(10) by using false, deceptive, or misleading means to collect a debt.

49. As detailed above, JAU and Champion have violated 15 U.S.C. §1692e(5) by

threatening in JAU's October 24, 2019 letter to take actions which they could not legally take or that they did not intend to take.

50. JAU has violated 15 U.S.C. §1692e(11) by failing to disclose in phone conversations and voicemail messages that the communication was from a debt collector.

51. Champion is vicariously liable for this violation of 15 U.S.C. §1692e(11).

52. JAU and Champion have violated 15 U.S.C. §1692i(a)(2) by bringing an action against Ms. Ricupero in Stoughton which is not the judicial district in which Ms. Ricupero signed the contract at issue or in which she resides.

53. JAU has violated 15 U.S.C. §1692g by failing to include the required validation notice in its October 24, 2019 letter to Ms. Ricupero.

54. Champion is vicariously liable for this violation of 15 U.S.C. §1692g.

55. By the actions set forth above JAU and Champion have violated 15 U.S.C. §1692d by engaging in conduct which had the consequence of harassing, oppressing or abusing Ms. Ricupero.

56. By the actions set forth above JAU and Champion have violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

57. By the actions set forth above JAU and Champion have violated 15 U.S.C. §1692f(1) by seeking to collect an amount not authorized by the agreement creating the debt or permitted by law.

58. As a result of the above violations of the FDCPA, JAU and Champion are liable to Ms. Ricupero in the sum of her actual damages, statutory damages, costs and attorney's fees.

### COUNT TWO: VIOLATION OF M.G.L. c. 93A

59. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

60. As detailed above, JAU has violated M.G.L. c. 93A, §2.

61. JAU violated the FDCPA which is a per se violation of M.G.L. c. 93A.

62. As detailed above, Champion has violated M.G.L. c. 93A, §2.

63. Champion violated the FDCPA which is a per se violation of M.G.L. c. 93A.

64. As detailed above Champion violated the Attorney General's debt collection regulations including 940 CMR 7.04(1)(B), 7.04(m), and 7.07(2) which violates c. 93A. See 940 CMR 3.16.

65. As set forth above, the conduct of JAU occurred in trade or commerce.

66. As set forth above, the conduct of JAU was unfair and/or deceptive.

67. The conduct of JAU was willful or knowing within the meaning of M.G.L. c. 93A, §9.

68. As set forth above, the conduct of Champion occurred in trade or commerce.

69. As set forth above, the conduct of Champion was unfair and/or deceptive.

70. The conduct of Champion was willful or knowing within the meaning of M.G.L. c. 93A, §9.

71. Ms. Ricupero has suffered damages as a result of Defendants' conduct including but not limited to, having an execution enter against her despite the fact that the parties had agreed to a continuance, paying almost $400 more than the execution which had issued against her, having her car taken for a miniscule debt which she intended to pay two days later, a fact of which Defendants were aware and had agreed to, being dunned for amounts allegedly owed as a result of the seizure of her car which never should have been owed, and having to pay the tow lot to get her car back. She has experienced intense emotional distress as a result of finding her car missing and having to figure out how to get it back and had to attend court in the inconvenient Stoughton courthouse on several occasions, including at an emergency hearing she was forced to request because of Defendants' actions, and has incurred costs and attorney's fees in enforcing her claims.

72. Defendants' refusal to grant relief upon demand was in bad faith, with knowledge or

reason to know that the acts or practices complained of violated c. 93A, §2.

73. As a result of the above violations of state law, Defendants are liable to Plaintiff in the sum of her actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and multiple damages against Defendants; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**Sherry Ricupero,**
By her attorney:

/s/Elizabeth A. Miller
Elizabeth A. Miller
BBO #559347
99 High Street
Suite 304
Boston, MA 02110
617-478-4914
elizabethamiller@comcast.net

Date:  February 3, 2020